STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of  Beckstrom, <u>et al</u>.         }
                                      }
                                      }         Docket No. 85-4-02 Vtec
                                      }
                                      }

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellants appealed from a decision of the Development Review Board (DRB) of the Town of Hyde Park, ruling that the relocation of the so-called Village Communication Tower falls within the exemption of ' 1.22 of the Hyde Park Telecommunications Facilities Interim Bylaw. Appellants are represented by Stephanie J. Kaplan, Esq.; Appellee-Applicant H.A. Manosh, Inc. is represented by John H. Hollar, Esq.; and the Town is represented by Steven F. Stitzel, Esq. The parties have moved for summary judgment on the validity of the exemption contained in ' 1.22 of the Town= s Telecommunications Facilities Interim Bylaw.

The following facts are undisputed unless otherwise noted.

Appellee-Applicant owns property in the Rural Residential 2 zoning district at a higher elevation than the center of Hyde Park village. Appellee-Applicant proposes to build on that property a new twenty-foot high base section for an existing telecommunications tower located in the village, and to relocate the upper 140 feet of that tower from the village location to its property in the Rural Residential 2 district. The village tower, which measures a total of 160 feet in height, was in existence prior to the adoption of the Town= s Telecommunications Facilities Interim Bylaw. The relocation increases the tower= s elevation above sea level, but does not increase the tower= s total height above ground level at its base. Appellee-Applicant argues that this proposal is exempt from complying with the new Telecommunications Facilities Interim Bylaw, under its ' 1.22, which states in full that:

Any tower located in the Town or Village of Hyde Park, its relocation or modification, which does not increase the tower height, upon the date of these bylaws [January 20, 1999] shall be exempt from the bylaws.

The exemption in ' 1.22 is potentially applicable to three existing towers within the Town: a 100-foot tower Appellee-Applicant also owns that is located on the Jones property, the 160-foot village tower at issue in the present case, and another tower, 50 feet in height, also located in the Village. If the exemption applies, the tower proposal in the present case must be reviewed in the Rural Residential 2 zoning district under the conditional use standards, but not under the stricter review standards of the Telecommunications Facilities Bylaw.

Appellants argue that ' 1.22 violates the uniformity provisions of 24 V.S.A. ' 4405 and that the bylaw is invalid because it serves no public purpose. Further, Appellants argue that the exemption improperly allows for the creation of nonconforming uses and structures where they did not already exist and is effectively an improper grant of a variance or illegal spot zoning. The Town and Appellee-Applicant argue that the Town is entitled to create an exemption to a new bylaw, and that because the proposal falls within the exemption, it complies with the bylaw and does not create an illegal variance, new nonconformity, or illegal mini-floating zone. The Town suggests that the exemption serves the legitimate public purpose of preserving or enhancing emergency service communications.

While it is correct that a municipality may write an exemption into a new bylaw, and is not obligated to apply a new bylaw to all categories of uses at once, an exemption must be held to the same standard as any other element of the bylaw, that is, the category it creates must be rationally related to a legitimate municipal purpose, both as a principle of constitutional law and under 24 V.S.A. ' 4405(a). Thus, an exemption from the new Telecommunications Facilities Bylaw for existing tower structures in their existing locations would be a legitimate exemption, and would be authorized by 24 V.S.A. ' 4408. Similarly, an exemption for towers used to provide improved coverage for emergency services communications might very well be a legitimate exemption within the power of the municipality. However, that is not what the Town has done in the version of ' 1.22 here before the Court.

Section 1.22 as it is written merely exempts an assembly of materials already existing within the town if it is being moved to a new site, while requiring the same assembly of materials in the same new site to meet the stricter standards of the Telecommunications Bylaw if those materials are moved in from an out-of-town or an out-of-state location. It is as if the Town had created an exemption for houses that are jacked up and moved to another location within town (or houses disassembled and reconstructed in a new location from lumber already existing within the town) from having to comply with the setback or other requirements with which all other newly-built houses in town must comply. Or it is as if the Town had created one requirement for lot size within a mobile home park for mobile homes already existing in town and moved to their new location, and another lot size requirement for mobile homes moved in from out-of-town, whether new or used. There is no rational basis derived from any of the legitimate purposes of zoning that justifies such a distinction based on the source of the structure= s materials, rather than on the location of the structure or the use to which it is to be put.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Summary Judgment is GRANTED and the Town= s and Appellee-Applicant= s Motion for Summary Judgment are DENIED. The exemption, as written, is not reasonably related to any legitimate governmental purpose under zoning. The Town may, of course, amend its Telecommunications Facilities Bylaw to provide for other exemption language drafted so as to relate to a legitimate governmental purpose, such as an exemption for telecommunications towers that are primarily used for providing emergency services, or an exemption for towers that improve the Town= s or the region= s ability to provide emergency services. This ruling appears to the Court to conclude this appeal. It will be entered as a final order effective on May 20, 2003, unless one or more of the parties telephones the Court to request a telephone conference to discuss this issue; in which case the conference will be held on May 20, 2003 at 11:30 a.m.

Done at Barre, Vermont, this 12th day of May, 2003.


_____
Merideth Wright
Environmental Judge